IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHEQUITTA BRACKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **5:06-cv-0885-UWC** |
| **WESFAM RESTAURANTS, INC.,** ) | |
| **d/b/a BURGER KING,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION
ON DEFENDANT'S MOTION TO STRIKE**

Burger King has filed a Motion to Strike the Affidavit of Porsia Steele's because (1) Brackins allegedly refused to provide a copy of Porsia Steele's statements to Wesfam; (2) the affidavit is based upon two written statements, which are unsworn and allegedly illegible; and (3) the affidavit allegedly contains generalized, conclusory comments and lacks specific factual allegations. This Court has read and considered all three of Wesfam's claims and determined that they are without merit.

First, Wesfam contends that, pursuant to Federal Rules of Civil Procedure 26(a)(1)(A) and 37, Brackins failed to produce, without substantial justification, two handwritten statements of Porsia Steele that ultimately formed the basis of the resulting affidavit. Fed. R. Civ. P 26(a)(1)(A); Fed. R. Civ. P. 37. Foremost, this Court did not rely on the handwritten statements in reaching its decision. It only

relied upon the affidavit. Secondly, Brackins' alleged refusal to provide Wesfam with a copy of Porsia Steele's handwritten statements is not the proper subject of a motion to strike. During Brackins' deposition, Brackins' attorneys objected to the production of the handwritten statements on the basis of the work product doctrine. ( Brackins Depo. 54.) As such, Wesfam was apprised of Brackins' position on the matter with ample time to file a motion to compel discovery in this Court. Moreover, Brackins named Porsia Steele as a potential witness in her Rule 26 disclosures; thus, Wesfam had ample opportunity to subpoena and depose Porsia Steele to question her about any statements she may have made to Brackins. Accordingly, this Court finds that Wesfam's first contention is without merit.

Second, Wesfam contends that the affidavit should be stricken because the statements attached to the affidavit are unsworn. Porsia Steele's written statements appear to be earlier records of the memorialized content of her affidavit. Regardless, this court did not rely on these statements. This Court did rely on her notarized, signed, and sworn affidavit, which has no defects. As such, this Court finds that Wesfam's second contention is without merit.

Finally, Wesfam contends that the affidavit contains generalized, conclusory comments and lacks specific factual allegations. This Court simply disagrees. Pursuant to Federal Rule of Civil Procedure 56(e), affidavits supporting and opposing motions for summary judgment "shall be made on personal knowledge, shall set forth

facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify . . . ." Fed. R. Civ. P. 56(e). Porsia Steele was the only other employee fired on the day in question for eating food without paying for it. She is clearly competent to testify and the facts alleged in her affidavit allege specific dates, and the specific practices that occurred by the employees on those dates. Moreover, Steele alleges that she has personal knowledge that a specific person, Liz Mason, the breakfast manager, was aware that other employees were eating food without paying for it on that day. As such, this Court finds that Wesfam's third contention is without merit.

Accordingly, Wesfam's Motion to Strike Plaintiff's Affidavit of Porsia Steele is due to be denied. It will be done by separate order.

Done the 16th day of January, 2008.

U.W. Clemon
United States District Judge